# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-569V

RENE VILLA,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: February 5, 2024

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 7, 2020, Rene Villa filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he received an influenza ("flu") vaccination on October 12, 2018, and, thereafter, suffered a left-sided shoulder injury related to vaccine administration ("SIRVA"). Petition at 1-2. On May 26, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties and expedited Motions Day argument by the parties. ECF No. 55.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,570.41 (representing $30,074.90 for attorney's fees, $490.11 for attorney's costs, and $5.40 in Petitioner's out-of-pocket expenses). Petitioner's Application for Attorneys' Fees ("Motion") filed Nov. 28, 2023, ECF No. 62. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred $5.40 in out-of-pocket expenses. ECF No. 63.

Respondent reacted to the motion on December 4, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 64. Petitioner filed no reply.

I note this case required additional briefing and argument regarding the issue of damages. *See* Status Report, filed Dec. 7, 2022, ECF No. 45 (noting an impasse in damages discussions); Petitioner's Memorandum in Support of Damages, filed Jan. 31, 2023, ECF No. 48; Petitioner's Reply to Respondent's March 1, 2023 Response to Petitioner's Brief in Support of Damages, filed Mar. 22, 2023, ECF No. 51; Hearing Minute Entry, dated May 26, 2023 (regarding the May 26, 2023 hearing). Petitioner's counsel expended approximately 6.0 hours drafting the brief in support of damages; and 5.6 hours drafting the reply brief, totaling 11.6 hours. ECF No. 62 at 16-17. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed attorney costs, except for $12.85 paid for postage and $0.10 for 1 page of in-house copying costs, and or the out-of-pocket expenses he seeks. ECF No. 62 at 19-27. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $30,570.41[3] as follows:**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $30,565.01, representing reimbursement in the amount of $30,074.90 for attorney's fees and $490.11 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald Craig Homer; and**

- **A lump sum of $5.40, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.